IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNYSYLVANIA

| | |
|---|---|
| **In re:** | **CHAPTER 7** |
| **MICHELE LEIGH BOYLES** and **DAVID LEE BOYLES** | **BANKRUPTCY NO. 23-13585 (MDC)** |
| | *Honorable Ashley M. Chan* |
| **Debtors** | |

### MOTION TO COMPEL TRUSTEE TO ABANDON REAL PROPERTY LOCATED AT 720 WEST MOUNT VERNON STREET LANDSDALE, PA 19446 AS A NON-ASSET PURSUANT TO 11 U.S.C. §554(b)

PLEASE TAKE NOTICE that the Debtor MICHELE LEIGH BOYLES and DAVID LEE BOYLES ("Debtors") by and through their attorney Walter A. Bernard, esquire hereby moves this court for an Order to Compel Abandonment of any interest Christine C. Shubert, ("Trustee") may have in the Debtors' Real Property commonly known as 720 W Vernon Street, Landsdale, Pennsylvania, 19446, herein after known as "Subject Property". This motion is based upon the following facts and circumstances contained in this motion, memorandum of points and authorities, the declaration of Walter A. Bernard and the Exhibits attached in support thereof.

### JURISDICTION

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 109 and 1334 of the Federal Rules of Bankruptcy Procedures. Movants are the Debtors in the Chapter 7 Bankruptcy herein.

2.  As recognized under 28 U.S.C. §§157(b)(2)(A) and (O), this Court has jurisdiction to hear the matter.

3. Debtors requested relief is pursuant to the statutory basis under 11 U.S.C. §§105 and 522.

## BACKGROUND

4. Debtors maintain their sole personal residence at 720 West Mount Vernon Street, Landsdale, Pennsylvania, 19446 located in Montgomery County.

5. On November 28, 2023, Debtors filed for protection under Chapter 13 of the Bankruptcy Code.

6. On December 13, 2023, Debtors' Chapter 13 case was converted to a Chapter 7.

7. Trustee was appointed to Debtors' Chapter 7 case on December 13, 2023.

8. On December 20, 2023, Debtors included within their Schedules and listed the Subject Property as having a fair market value of $260,000.00 at the time Debtors filed their Bankruptcy Petition on November 28, 2023.

9. The $260,000.00 valuation of the Subject Property asserted by Debtors has not been disputed as of the filing of this Motion.

## TAX ASSESSED VALUE

10. Every year Montgomery County ("County") performs an appraisal and assesses the fair market value to real estate properties located within the County.

11. Montgomery County requires that if there is a dispute as to their annual assessment of the fair market value of real estate properties within the state then an appeal must be filed by August 1 with the Board of Assessment Appeals.

12. Montgomery Couty has adopted a statutory deadline that all fair market values must be disputed by October 31 of the year they assess real estate property based on their appraisal

reports. If the appraisal value is not disputed then the fair market appraisal must be disputed the following year.

13. The County determined that the fair market value of the Subject Property was listed as $135,330.00.

## **DEBTORS' DETERMINATION OF FAIR MARKET VALUE**

14. Debtors based their fair market value of the Subject Property and numerous factors including but not limited to, the fair market value determined by County, the known sales of recent property sales in Debtors' neighborhood and the necessary repairs required for the Subject Property at the time they filed their Bankruptcy Petition.

15. Debtors' 341 meeting was held on February 5, 2024 in which Debtors were questioned how they concluded a fair market $260,000 valuation of their home.

16. Debtors indicated at the 341 meeting, the valuation of the Subject Property was based on necessary repairs and County's assessed value.

17. Trustee indicated that Debtors were not allowed to use the County's assessed value based on the local rules. As such, Trustee stated that she would need to get her realtor to connect with Debtors so that he could come inside the Subject Property. Subsequently, Trustee continued the February 5, 2024, 341 meeting.

18. The Court has held a county's tax assessed value is not forbidden but it is a factor that may be used in determining the fair market value of real property. *In re Bozzelli*, 227 B.R. 770 (Bankr. E.D. Pa. 1998).

19. The February 5, 2024 341 meeting was continued to March 28, 2024.

20. Subsequently, Trustee's realtor contacted Debtors so that he could have access to the Subject Property.

21. Debtors scheduled a visit with Trustee's realtor and an independent appraisal the week of March 11, 2024.

22. On March 11, 2024, Trustee's realtor, David Decembrino ("Decembrino') of RE/MAX arrived at the Subject Property at 1:30pm and departed from the Subject Property at 1:37pm.

23. Debtors were never provided a conclusion or documentation based on Decembrino's visit.

24. On March 13, 2024, Trustee filed an Application to employ RE/MAX as a Real Estate Broker. The Motion employing REMAX was approved on March 22, 2024.

25. Chris Bourland ("Bourland") of JB Real Estate performed an appraisal of the Subject Property on March 14, 2024. (See Exhibit 2)

26. According to the Bourland's report, the Subject Property as of March 2024, had a fair market value of $290,000.00.

27. Debtors anticipated providing the most recent appraisal report as another factor in supporting the $260,000 fair market value of the Subjected Property contained in their Bankruptcy Petition.

28. On March 21, 2024, and the pending 341 meeting scheduled for March 28, 2024 was marked by the Trustee as concluded.

29. Currently, the Subject Property according to Debtors' schedules has a total of $247,073.47 in liens with a fair market value of $260,000.00. The Subject Property has a net equity of $12,926.63 in which Debtors have applied $12,926.63 in available exemptions.

30. The Subject Property is fully exempted under 11 U.S.C. § 522(d)(1) and the Trustee must abandon the Property because the Subject Property is of inconsequential value to the Trustee and Debtors' Bankruptcy Estate.

WHEREFORE, Debtors respectfully request the entry of an Order granting the relief requested in the Motion and other such relief that this Court deems just and equitable.

**RESPECTFULLY SUBMITTED,**

LAW OFFICES OF WALTER A. BERNARD
By: <u>*/s/ Walter A. Bernard, Esquire*</u>

WALTER A. BERNARD, ESQUIRE
1150 1st Ave Suite 400
King of Prussia, PA
(215) 261.7423
walt@waltbernardlaw.com
*Counsel for Debtors*